UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CESAR GONZALEZ                                                                                    PLAINTIFF

v.                                                                   Civil Action No.   3:19-cv-307-DPJ-FKB

WILLIE LEE JOHNSON and
J.B. HUNT TRANSPORT, INC.                                                                DEFENDANTS

# COMPLAINT
### (Jury Trial Demanded)

Cesar Gonzalez files this complaint for damages against Willie Lee Johnson and J.B. Hunt Transport, Inc., and in support of his claim states:

**PARTIES**

1. Plaintiff Cesar Gonzalez is an adult Citizen of the State of Texas who resides at 415 South Angela Street, Roma, Texas 78584.

2. Defendant Willie Lee Johnson is believed to be an adult Citizen of the State of Georgia whose address is unknown.

3. Defendant J.B. Hunt Transport, Inc. is a business corporation organized and existing under the laws of the State of Georgia with its principal office at 705 Ruskin Drive, Forest Park, Georgia 30050. This Defendant is qualified to do business in the State of Mississippi, and its registered agent for service of process is CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232.

## Jurisdiction and Venue

4. The Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C § 1332 as it is a civil action between Citizens of different states, and the amount in controversy exceeds $75,000 exclusive interest and costs.

5. This Court may assert jurisdiction over the defendant Willie Lee Johnson under the Fourteenth Amendment, Miss. Code Ann. § 13-3-57, and Miss. Code Ann. § 13-3-63.

6. The Court may assert jurisdiction over the defendant J.B. Hunt Transport, Inc. under the Fourteenth Amendment and Miss. Code Ann. § 13-3-57.

7. Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## Facts

8. On July 29, 2017, Plaintiff Cesar Gonzalez suffered severe injuries in a collision when a truck driven by Defendant Johnson struck his vehicle at the Flying J truck stop in Pearl, Mississippi.

9. Before the collision, Cesar Gonzales was parked and asleep in the backseat of his 2016 Ford F350 at the Flying J. Mr. Johnson's truck was also parked in the lot next to Mr. Gonzalez's vehicle. While attempting to back out of his parking space, Mr. Johnson hit Mr. Gonzalez's vehicle with his truck. The impact of the collision was so hard it shook Mr. Gonzalez awake and threw him on the floor of his vehicle.

10. As a result of the impact, Cesar Gonzalez suffered injuries to his neck, shoulders and lower back. Mr. Gonzalez has had extensive treatment from numerous physicians for his neck

and shoulder pain, and he has had injections for numbness and pain in his lower back. The incident also left Mr. Gonzalez with limited range of motion which required physical therapy.

### COUNT ONE: NEGLIGENCE OF WILLIE LEE JOHNSON

11. Defendant Johnson's negligence was a proximate cause of Plaintiff's injuries and damages.

12. Defendant Johnson's acts of negligence included:

    a. Inattentive driving;

    b. Failing to maintain and keep proper lookout;

    c. Failing to control his vehicle

    d. Other acts of negligence to be shown at trial.

### COUNT TWO: NEGLIGENCE OF J.B. HUNT TRANSPORT, INC.

13. Defendant J.B. Hunt's negligence was a proximate cause of Plaintiff's injuries and damages.

14. At the time of the incident and at all other times relevant to Plaintiff's claim, Defendant Johnson was employed by J.B. Hunt and Johnson was in the course and scope of his employment by J.B. Hunt. Therefore, J.B. Hunt is vicariously liable for Johnson's negligence under the doctrine of *respondeat superior*.

### DAMAGES

15. Defendants' negligence was a proximate cause of Plaintiff Cesar Gonzalez's damages as follows:

    a. Past and future medical expenses;

    b.      Past and future pain and suffering;

    c.      Past and future mental anguish and emotional distress; and

    d.      Past and future loss of income.

16. Defendants acted with gross negligence which evidences a willful, wanton or reckless disregard for the safety of others. Plaintiff therefore demands an award of punitive damages.

17. Plaintiff demands damages of any type available under applicable law and supported by the evidence whether or not specifically listed herein.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount sufficient to compensate him for his injuries and losses and for punitive damages. Plaintiff requests any other relief the Court deems appropriate.

**The plaintiff demands trial by jury.**

Dated: May 1, 2019.

                        Respectfully submitted,

                        CESAR GONZALEZ

              By:    */s/ James M. Priest, Jr.*    ,
                        Attorney for the Plaintiff

Of counsel:

W. Bobby Gill, III, MSB #9857
James M. Priest, Jr., MSB #99352
GILL, LADNER & PRIEST, PLLC
344 Highway 51, Second Floor
Ridgeland, Mississippi 39157
(601) 352-5700 telephone
(601) 352-5353 facsimile
bobby@glplawfirm.com